UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

TRICIA THOMPSON,

    Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/

**DEFENDANT WAL-MART STORES EAST, L.P.' S NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, L.P. ("WAL-MART"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-20-012951, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I. FACTUAL BACKGROUND**

1. On or about August 18, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

2. The Complaint was served on August 21, 2020. *See* Service of Process attached as Ex. "B."

3. Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on August 9, 2019 while at the subject Wal-Mart premises. *See* Ex. "A" at ¶¶ 7, 9, 10, 11.

4. Specifically, the Plaintiff alleges she slipped and fell on water on the floor. *Id.* at ¶ 7, 9.

5. Plaintiff alleges that Wal-Mart breached its duty of care by negligently maintaining its premises in the following manner: failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as water and/or other substances to accumulate on the floor, and to prevent dangerous condition from occurring; and/or by failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or by failing to remove said water or other similar substances form the floor of the premises; and/or by failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing water and/or a similar substance to be left on the floor of the premises so as to cause Plaintiff's injury. *Id.* at ¶9.

6. The Plaintiff is a resident of Broward County, Florida. *See* Plaintiff's Patient Scheduling Request from Weston Outpatient Surgical Center attached as Ex. "C."[1]

7. On or about November 18, 2019, prior to filing the instant lawsuit, the Plaintiff

---

[1] Wal-Mart attaches a sample of the Plaintiff's medical record to demonstrate diversity of Citizenship among Wal-Mart and the Plaintiff. Wal-Mart has redacted all but the city and state of residence of Plaintiff's address so as to protect her confidential information. Exhibit "D" does not contain the entire complement of Plaintiff's medical records, but rather only a sample for the purpose of demonstrating diversity of Citizenship among the parties. Should the Court wish to see the medical records, Wal-Mart can provide same for an in camera inspection. *See* Exhibit "C."

submitted a pre-suit demand letter which indicated that Plaintiff has suffered *various injuries including back pain and a complex tear of the medial meniscus of the left knee, for which a left knee arthroscopy, ACL reconstruction, and partial meniscectomy was performed*. Upon information and belief, Plaintiff's past medical bills totaled $105,766.76 and alone are alleged to exceed the jurisdictional threshold of this Court. Consequently, based on Plaintiff's alleged injuries and medical bills incurred the Plaintiff offered to settle the claim for $300,000.00. *See* redacted Pre-Suit Demand Letter attached as Ex. "D."[2]

8. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

9. Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "E."

10. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

11. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's initial Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on August 21, 2020,

---

[2] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart will provide same for an in camera inspection.

when Plaintiff served her Complaint.

12. Prior to the service of Plaintiff's Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her August 9, 2019 alleged incident.

13. Venue exists in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed his state court Complaint is located in Broward County Florida, which is located within the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

14. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

    **A.**    **Citizenship of TRICIA THOMPSON.**

15. Plaintiff is a resident of Broward County, Florida. *See* Ex. "A" at ¶ 2. Although Plaintiff's Complaint does not state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

16. Here, Plaintiff's medical records also indicate she is a resident of Broward County, Florida. *See* Ex. "C." Plaintiff's Broward County, Florida's residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case.

*See Katz,* 2009 WL 1532129 at *3.

    **B. Citizenship of WAL-MART STORES EAST, L.P.**

    C. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the incident, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Amended Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Amended Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Amended Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Amended Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Amended Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Amended Complaint, Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Ex. "F."

### IV. AMOUNT IN CONTROVERSY

    17.    The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

minimum, it is clear from Plaintiff's pre-suit demand that his claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

18. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

19. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

20. The relevant portions of Plaintiff's itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

jurisdictional minimum. Specifically, Plaintiff has suffered *various injuries including back pain and a complex tear of the medial meniscus of the left knee, for which a left knee arthroscopy, ACL reconstruction, and partial meniscectomy was performed*. Upon information and belief, Plaintiff's past medical bills totaled $105,766.76 and alone are alleged to exceed the jurisdictional threshold of this Court. Consequently, based on Plaintiff's alleged injuries and medical bills incurred the Plaintiff offered to settle the claim for $300,000.00. *See* Ex. "D." In addition to Plaintiff's alleged medical condition, the Plaintiff's Complaint alleges that Plaintiff lost the enjoyment of life, loss of earnings and impairment of earning capacity and her injuries are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. *See* Ex. "C." at ¶ 10.

21. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

22. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's June 15, 2018 pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

23. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, Case No. 8:10-cv-659-T-33TGW, 2010

7

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

U.S. Dist. Lexis 59119, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

24. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

25. Here, Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be three hundred thousand dollars ($300,000.00) is an honest assessment of her claimed damages as it is based on the following:

    a. Plaintiff's past medical bills in the approximate amount of $105,766.76;

    b. Future medical care. *See Katz,* 2009 WL 1532129 at 4.

    c. Loss of earnings and an impairment of earning capacity.

26. This evidence demonstrates the Plaintiff's claimed damages in the Instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that

the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE-20-012951, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: September 18, 2020

[SIGNATURE TO FOLLOW ON THE NEXT PAGE]

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Respectfully Submitted,

*/s/ Marta R. Golani*
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Marta R. Golani
Florida Bar No. 037331
mgolani@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 18, 2020, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

*/s/ Marta R. Golani*
Marta R. Golani

10

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## SERVICE LIST

*Attorneys for Plaintiff*

Ramon Crego, Esquire
**RUBENSTEIN LAW, P.A.**
9130 S. Dadeland Blvd., PH
Miami, FL  33156
Telephone: (305) 661-6000
Facsimile: (305) 517-3160
Primary: ramon@rubensteinlaw.com
ksalazar@rubeinsteinlaw.com
eservice@rubeinsteinlaw.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690